## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **loanDepot.com, LLC,** | |
| Plaintiff, | |
| v. | No. 22-cv-1874 |
| **STEVE SCHNEIDER, CINDY SMOLIN, SAMANTHA SIEGEL, FERNANDA BASKE, BOB BOWMAN, JOHN NOYES, and CROSS COUNTRY MORTGAGE, LLC,** | Judge Edmond E. Chang |
| | Magistrate Judge Sheila M. Finnegan |
| Defendants. | |

## DEFENDANT CROSSCOUNTRY MORTGAGE'S MOTION TO DISMISS COUNT VI

Defendant CrossCountry Mortgage, LLC ("CrossCountry") hereby moves to dismiss with prejudice Count VI of the Verified First Amended Complaint filed by plaintiff loanDepot.com, LLC ("loanDepot"), pursuant to Federal Rule 12(b)(6), for failure to state a claim upon which relief can be granted. The legal grounds supporting the dismissal of loanDepot's Count VI are the same as those set forth in the Motion to Dismiss Count III filed by defendants Bob Bowman, Cindy Smolin and Samantha Siegel (ECF No. 130), and CrossCountry therefore joins and incorporates herein the arguments of that Motion.

## ARGUMENT

Count VI asserts against CrossCountry a claim for tortious interference with contract. (Am. Compl. ¶¶ 224-229.) In that claim, loanDepot asserts that CrossCountry induced Mr. Bowman, Ms. Baske, Mr. Schneider, Ms. Smolin, Ms. Siegel, and Mr. Noyes (collectively, the "Individual Defendants") to violate their employment contracts with loanDepot, and more specifically their restrictive covenants. (*Id.* ¶ 227.) Those same alleged breaches form the basis

of Count III of the Verified Complaint, which loanDepot has asserted directly against the Individual Defendants for breach of their employment contracts. (*See id.* ¶¶ 203-212.) In other words, loanDepot's Count VI against CrossCountry is predicated on the same alleged contract breaches that underlie loanDepot's Count III against the Individual Defendants. (*Compare id.* ¶ 210, *with, id.* ¶ 225.)

The Motion to Dismiss Count III filed by some of the Individual Defendants (ECF No. 130) sets forth in detail the reasons that the Verified First Amended Complaint fails to properly allege any contract breaches by the Individual Defendants. Rather than repeat those arguments here, CrossCountry relies on and incorporates that Motion herein.

Because the Verified First Amended Complaint does not—and cannot—allege any breach of a valid contract by the Individual Defendants under Count III, it likewise fails to state a claim against CrossCountry for tortious interference with contract under Count VI. *See George A. Fuller Co. v. Chicago College of Osteopathic Medicine*, 719 F.2d 1326, 1331 (7th Cir. 1983) (holding that under Illinois law, an "essential element[] of a cause of action for tortious interference with contract [is] a valid contract . . . ," and "liability for tortious interference may only be premised on acts immediately directed at a third party which cause that party to breach its contract with the plaintiff"). Accordingly, Count VI should also be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, CrossCountry respectfully asks this Court to dismiss with prejudice Count VI of loanDepot's Verified First Amended Complaint.

2

Dated: October 28, 2022     Respectfully submitted,


/s/ *Brent D. Knight*
Brent D. Knight
JONES DAY
110 N. Wacker Drive
Suite 4800
Chicago, Illinois 60606
Telephone: (312) 782-3939
Facsimile: (312) 782-8585
bdknight@jonesday.com

Michael A. Platt (*admitted pro hac vice*)
JONES DAY
NorthPoint
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-7221
Facsimile: (216) 579-0212
maplatt@jonesday.com

*Attorneys for Defendant*
*CrossCountry Mortgage, LLC*

## <u>CERTIFICATE OF SERVICE</u>

The foregoing document was served on counsel of record by undersigned counsel on

October 28, 2022 by electronic mail through the Court's CM/ECF system.


*/s/ Brent D. Knight*
Brent D. Knight