# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **loanDepot.com, LLC,** | |
| Plaintiff, | |
| v. | No. 22-cv-1874 |
| **STEVE SCHNEIDER, CINDY SMOLIN, SAMANTHA SIEGEL, FERNANDA BASKE, BOB BOWMAN, JOHN NOYES and CROSSCOUNTRY MORTGAGE, LLC,** | Judge Lindsay C. Jenkins<br><br>Magistrate Judge Sheila M. Finnegan |
| Defendants. | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY PENDING THE DISTRICT COURT'S RULING ON THE MOTION TO STAY THIS ACTION UNDER 9 U.S.C. § 3**

143848279.1

loanDepot's Opposition to Defendants' Motion to Stay Discovery Pending the Court's Ruling on the Motion to Stay this Action focuses almost entirely on issues irrelevant to this Motion. The only issue presented in this Motion is whether the Court should stay discovery for the short period it takes to rule on a separate Motion: the Individual Defendants' Motion to Stay Pursuant to Section 3 of the Federal Arbitration Act, 9 U.S.C. § 3 ("Motion to Stay the Case") (ECF No. 230). It should. As Defendants previously demonstrated, controlling authority requires that the Individual Defendants' Motion to Stay the Case be decided *before* proceeding with other aspects of this case, including regular discovery. loanDepot fails to refute that authority. It also fails to explain what benefit, if any, would be gained by starting regular discovery during the short time it will take for the Court to decide the fully briefed Motion to Stay the Case. Indeed, under Seventh Circuit precedent, this action will ultimately be stayed regardless of whether the Motion to Stay the Case is granted, either because the Court grants the stay or because the Individual Defendants will exercise their right to appeal denial of a stay of the entire case. There is no sense, and certainly no prejudice, in staying the start of regular discovery for a short period of time under these circumstances. Accordingly, the commencement of regular discovery should be stayed until the Motion to Stay the Case is decided.

## PROCEDURAL BACKGROUND

Because loanDepot's Opposition seeks to reargue the Individual Defendants' Motion to Stay the Case, a brief overview of the status of the case is necessary. loanDepot filed its initial complaint in this action on April 11, 2022 (ECF No. 1), which was amended via its First Amended Complaint on September 26, 2022 (ECF No. 100). loanDepot's First Amended Complaint asserts a number of claims against both the Individual Defendants and CrossCountry, and seeks (1) injunctive relief against the Individual Defendants and (2) both injunctive relief and damages

143848279.1

against CrossCountry. On or about April 12, 2022, loanDepot also filed an arbitration demand against the Individual Defendants pursuant to arbitration clauses in loanDepot's employment agreements with the Individual Defendants. On April 17, 2022, the Court ordered expedited discovery on issues related to loanDepot's anticipated preliminary injunction motion in this action. (ECF No. 23.) After the completion of expedited discovery and full briefing on the issues, the Court granted in part and denied in part loanDepot's motion for a preliminary injunction on December 20, 2022. (ECF No. 217.)

Soon after the Court's entry of the preliminary injunction, the Individual Defendants filed a Motion to Stay the Case pending the arbitration between the Individual Defendants and loanDepot on the same claims and issues. (ECF No. 230.) CrossCountry separately joined in that motion. (ECF No. 233.) As of the date of the filing of the Motion to Stay the Case, no schedule for regular discovery had been set, no regular discovery had been served or conducted, and indeed, no Rule 26(f) conference had been held. On February 23, 2023, loanDepot filed an opposition to the Individual Defendants' Motion to Stay the Case (ECF No. 238), and the Individual Defendants filed a reply on March 16, 2023 (ECF No. 245). Because loanDepot decided to serve discovery while the Individual Defendants' Motion to Stay the Case was pending—and prior to any Rule 26(f) conference—Defendants filed the instant Motion to Stay Discovery Pending the District Court's Ruling on the Motion to Stay this Action Under 9 U.S.C. § 3 ("Motion to Stay Discovery"). (ECF No. 241.) loanDepot filed its Opposition to the Motion to Stay Discovery on March 6, 2023. (ECF No. 242, the "Opp." or "Opposition.")

143848279.1

**ARGUMENT**

**I.  LOANDEPOT'S ARGUMENTS ARE ALMOST ENTIRELY INAPPLICABLE TO THE INSTANT MOTION.**

loanDepot devotes much of its Opposition to the Motion to Stay Discovery to issues not before the Court in this Motion. Sections I, II, IV, and V of the Opposition have nothing to do with the Motion to Stay Discovery, and instead rehash issues the parties already briefed in the Motion to Stay the Case. Those arguments have no relevance to the instant motion, serve only to distract this Court, and Defendants will not re-argue them here.[1]

To be clear, this Motion to Stay Discovery makes a very narrow request: Defendants seek an order staying discovery pending the Court's ruling on the Individual Defendants' Motion to Stay the Case. (ECF No. 241, at 1.) That is the sole relief sought, and despite loanDepot's efforts to confuse the issues, the Court and the parties should not waste the time, effort, and expense of beginning regular discovery where the threshold question of staying the entire matter has been fully briefed and rests with the Court. Given the procedural posture of this case (regular discovery has not even begun), and loanDepot's pursuit of claims against the Individual Defendants in arbitration, there is no point in starting regular discovery now, only to pause it within days or weeks, either because the Court grants the Motion to Stay the Case in its entirety, or because the Individual Defendants file an appeal of that order if the Court denies the Motion to Stay the Case. Starting regular discovery in this short interim makes no sense.

**II.  A LIMITED STAY IN STARTING DISCOVERY IS WARRANTED WHILE THE MOTION TO STAY THE CASE IS DECIDED.**

loanDepot's arguments against the limited relief sought in this Motion to Stay Discovery

---

[1] Defendants refer the Court to the briefing on that matter instead of repeating those arguments here. (*See* ECF Nos. 230, 231, 238, and 245.)

are inapposite. As an initial matter, loanDepot's argument that *Sharif v. Wellness Int'l Network, Ltd.* does not apply here is incorrect. (*See* Opp. at 7.) Defendants cite *Sharif* for the rule that a motion under Section 3 of the FAA "requires" the Court to decide the arbitration issues "first," and to "refrain from further action." *See Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004) (quoting *Texaco Exploration v. AmClyde Engineered Prods. Co.*, 243 F.3d 906, 909 (5th Cir. 2001)). loanDepot does not, no doubt because it cannot, dispute that *Sharif* stands for such a principle. Instead, loanDepot attempts to distinguish the case by arguing that *Sharif* decided that a venue challenge should have been preceded by determinations of whether the claims at issue were subject to binding arbitration. (Opp. at 7.) This argument in no way contradicts, or even calls into question, the principle for which the case was cited; namely, that a court must refrain from further action in a case until Section 3 issues have been resolved. (Mot. at 3-4.) Here, the Individual Defendants filed a Motion to Stay the Case. Under *Sharif*, all further proceedings must be stayed pending the Court's ruling on that motion.

  Regardless, even if this Court were to find that a stay of discovery pending resolution of the Motion to Stay the Case is not mandatory, loanDepot does not dispute that such a stay is within the Court's discretion. Not a single argument or case cited in loanDepot's Opposition disputes that the Court has the "inherent authority to manage its docket" to properly address the issues raised by the Motion to Stay the Case before the parties incur the time and expense of beginning discovery that may ultimately be mooted by the results of the arbitration. *See Allstate Ins. Co. v. A.O. Smith Corp.*, No. 15 C 6574, 2015 WL 8536746, at *4 (N.D. Ill. Dec. 11, 2015) (granting a stay pending threshold questions of parallel proceedings). The Court should exercise its discretion to stay discovery here because a pause in this litigation is inevitable: either the Court will grant the Motion to Stay the Case, or the Individual Defendants will exercise their right to appeal denial of the

143848279.1

requested stay, which will result in stay anyway. *See Bradford-Scott Data Corp. v. Physician Computer Network*, 128 F.3d 504, 505-06 (7th Cir. 1997) (an appeal "divests the district court" of its jurisdiction to proceed any further, as "[c]ontinuation of proceedings in the district court largely defeats the point of the appeal and creates a risk of inconsistent handling of the case by two tribunals…. An appeal authorized by § 16(a)(1)(A) presents the question whether the district court must stay its own proceedings pending arbitration," and "[w]hether the litigation may go forward in the district court is precisely what the court of appeals must decide.")

loanDepot attempts to distinguish the numerous cases cited in the Motion to Stay Discovery by arguing they are different because the discovery stays in those cases were granted pending a decision on a motion to compel arbitration. (Opp. at 7.) This is a distinction without a difference. In the end, the cases stand for the proposition that discovery should be stayed pending motions that affect the outcome of the entire proceeding, as is the case here, where the Individual Defendants seek to stay the entire case while the claims against them and their counterclaims against loanDepot proceed in arbitration. *See, e.g., Design Benefit Plans v. Enright*, 940 F. Supp. 200, 203 n.3 (N.D. Ill. 1996) ("[plaintiff] moved to stay discovery in the entire case pending a ruling on the[] [motion to compel mediation/arbitration and stay proceedings], a request which this court granted"); *Metro Fibernet, LLC v. Johnson Controls, Inc.*, No. 3:21-CV-00059-RLY-MPB, 2022 WL 1492514, at *10 (S.D. Ind. Apr. 22, 2022), *report and recommendation adopted*, No. 3:21-CV-00059-RLY-MPB, 2022 WL 1486957 (S.D. Ind. May 11, 2022) (staying discovery pending the resolution of a motion to compel arbitration or, in the alternative, to dismiss the amended complaint); *Mahamedi IP L., LLP v. Paradice & Li, LLP*, No. 5:16-CV-02805-EJD, 2017 WL 2727874, at *2 (N.D. Cal. Feb. 14, 2017) (finding a stay of discovery promoted the "just, speedy, and inexpensive" resolution of the case while the arbitrability of several disputes was being

decided); *Sorge v. Calvary Portfolio Servs., LLC*, No. 11-cv-0297-DRH-SCW, 2011 U.S. Dist. LEXIS 97381, at *3 (S.D. Ill. Aug. 30, 2011) (stating "the discovery in this case would be superfluous; an unnecessary burden and expense" if the court did not issue a stay of discovery while the arbitrability of disputes was being decided).

For its part, loanDepot fails to make a single coherent argument about why a limited discovery stay would be inappropriate here. Most of its arguments border on histrionics, claiming that such a stay would bring litigation "to a grinding halt" for "months upon months" (Opp. at 9–10), "waste[] an opportunity to conduct cohesive discovery between cases" (Opp. at 10), and create "two back-to-back months-long discovery periods" (Opp. at 10.) *None of these arguments are relevant to the Motion to Stay Discovery, which seeks a stay only pending resolution of the Motion to Stay the Case*. Nor is there merit to its argument that discovery should proceed against CrossCountry alone. (Opp. at 7.) For reasons discussed in the Motion to Stay the Case, the Individual Defendants have applied for a stay of the *entire* action, as required by Section 3 of the FAA. The Individual Defendants would have a right to appeal any denial of that motion. 9 USCA § 16(a)(1)(A); *see supra* at 5–6. Thus, any discovery against either Defendant will be stayed anyway, *and* may ultimately be wasteful depending on what happens in the arbitration.

Finally, in an attempt to manufacture arguments that it would be prejudiced by a limited discovery stay pending the decision on the Motion to Stay the Case, loanDepot claims that such a stay would lead to needless disputes and expense—although it does not attempt to articulate what those disputes might be. (Opp. at 11.) This argument is ironic, to say the least, considering that loanDepot is creating such a dispute by opposing this limited request for relief. What is more, loanDepot utterly ignores the fact that regular discovery has not even begun, and there has been no Rule 26(f) conference, which would be necessary for such discovery to begin. Its claim of

prejudice resulting from a delay of days or weeks, when it did not even attempt to engage in regular discovery for more than two months after the preliminary injunction order (until it improperly and prematurely attempted to serve document requests on CrossCountry), is patently absurd.[2]

## CONCLUSION

For these reasons, the Court should stay discovery pending the District Judge's ruling on the Individual Defendants' Motion to Stay the Case pursuant to 9 U.S.C. § 3.

---

[2] Defendants do not address arguments by loanDepot alleging prejudice based on a stay of the entire action. Such arguments are the subject matter of the Individual Defendants' separate Motion to Stay the Case.

143848279.1

Dated:  March 20, 2023

*/s/ Jeffrey L. Widman*
Jeffrey L. Widman (#6226367)
Alexandria Rhoades (#037024)
Gabrielle E. Winslow (#6330644)
FOX ROTHSCHILD LLP
321 N. Clark Street, Suite 1600
Chicago, IL 60654
Telephone: 312.517.9200
Facsimile: 312.517.9201
jwidman@foxrothschild.com
arhoades@foxrothschild.com
gwinslow@foxrothschild.com

*Attorneys for the*
*Individual Defendants*

Respectfully submitted,

*/s/ Brent D. Knight*
Brent D. Knight (#6257108)
JONES DAY
110 N. Wacker Drive Suite 4800
Chicago, Illinois 60606
Telephone: (312) 782-3939
Facsimile: (312) 782-8585
bdknight@jonesday.com

Michael A. Platt (admitted *pro hac vice*)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-7221
Facsimile: (216) 579-0212
maplatt@jonesday.com

Enrique A. Lemus (admitted *pro hac vice*)
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201
Telephone: (214) 969-4877
Facsimile: (214) 969-5100
elemus@jonesday.com

*Attorneys for Defendant*
*CrossCountry Mortgage, LLC*

143848279.1

## **CERTIFICATE OF SERVICE**

The foregoing document was served on counsel of record by undersigned counsel on March 20, 2023 by electronic mail through the Court's CM/ECF system.

                                                 */s/ Alexandria Rhoades*
                                                 Alexandria Rhoades

143848279.1