UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOANDEPOT.COM, LLC, *Plaintiff*, v. STEVE SCHNEIDER, CINDY SMOLIN, SAMANTHA SIEGEL, FERNANDA BASKE, BOB BOWMAN, JOHN NOYES and CROSSCOUNTRY MORTGAGE, LLC, *Defendants*. | No. 22 CV 1874  Judge Lindsay C. Jenkins |

**ORDER**

Plaintiff loanDepot.com, LLC ("loanDepot" or "Plaintiff") brings suit against its former employees Steve Schneider, Cindy Smolin, Samantha Siegel, Fernanda Baske, Bob Bowman and John Noyes (the "Individual Defendants") and their new employer, CrossCountry Mortgage, LLC ("CrossCountry" or together with the Individual Defendants, "Defendants") for damages and injunctive relief arising out of Defendants' alleged scheme to steal loanDepot employees and customers. This matter is before the Court on a variety of pending motions. [*See* Dkts. 41, 42, 61, 81, 130, 137, 197, 205, 230, 233, 241, 246.] The motions are resolved as follows:

Defendants' motions to dismiss loanDepot's original complaint [Dkts. 41, 42, 61] are denied as moot because loanDepot has filed a superseding amended complaint [see Dkt. 100]. Likewise, loanDepot's motion to dismiss CrossCountry's original counterclaims [Dkt. 81] is denied as moot because CrossCountry has filed superseding counterclaims [see Dkt. 136]. Defendants Bowman, Siegel, and Smolin's motion to dismiss Count III of loanDepot's amended complaint [Dkt. 130] is denied as moot because, as indicated in Judge Chang's January 31, 2023 minute order [Dkt. 235], the Individual Defendants' "counterclaims [were] dismissed without prejudice in favor of" their upcoming arbitration with loanDepot.

CrossCountry's motions to join in the Individual Defendants' motion to stay and reply in support of their motion to stay [Dkts. 233, 246] are granted. The Individual Defendants' motion to stay [Dkt. 230] is also granted. The entire case shall be stayed pending the outcome of the upcoming arbitration between loanDepot and the Individual Defendants (JAMS Reference No. 53400135).

The parties are in agreement that a stay is required as to the claims between loanDepot and the Individual Defendants. However, loanDepot opposes staying the entire case and seeks to proceed with its claims against CrossCountry, which is not a party to the

1

arbitration. Upon review of the parties' briefs and the remainder of the docket, the Court concludes that a discretionary stay of the entire action is appropriate while the arbitration is pending. In cases where only some of the parties and claims are subject to arbitration, it is within the Court's discretion to stay the entire case or to allow litigation to proceed against parties who are not subject to the arbitration agreement. See *Volkswagen of America, Inc. v. Sud's of Peoria, Inc.*, 474 F.3d 966, 972 (7th Cir. 2007). That discretion is circumscribed when "allowing nonarbitrable issues to proceed in the district court … risks 'inconsistent rulings' because the pending arbitration is 'likely to resolve issues material to [the] lawsuit.'" *Id.* (quoting *AgGrow Oils, LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 242 F.3d 777, 783 (8th Cir. 2001)). "The factors that bear on that inquiry include 'the risk of inconsistent rulings, the extent to which parties will be bound by the arbitrators' decision, and the prejudice that may result from delays.'" *Id.* In addition, the Seventh Circuit has recognized that "[i]n many instances … district courts actually may prefer to stay the balance of the case in the hope that the arbitration might help resolve, or at least shed some light on, the issues remaining in federal court." *Id.*

These factors weigh heavily in favor of staying the entire case. All of loanDepot's claims against CrossCountry are intertwined with loanDepot's arbitrable claims against the Individual Defendants, because loanDepot's theory of the case is that CrossCountry induced, directed, and facilitated the Individual Defendants' misconduct. Indeed, as CrossCountry emphasizes, "every one of the claims asserted against CrossCountry in the governing first amended complaint—Counts I and II for misappropriation of trade secrets; Count V for aiding and abetting breach of fiduciary duty; and Counts VI and VII for tortious interference—are either being asserted equally against the Individual Defendants or require, as an element of the claim, an underlying violation by the Individual Defendants." [Dkt. 233 at 6.] This presents an obvious risk of inconsistent rulings if part of the action is allowed to proceed during the arbitration and weighs in favor of staying the whole case. *See, e.g.*, *WMS Gaming, Inc. v. IGT*, 31 F. Supp. 3d 974, 978-80 (N.D. Ill. 2014); *In re Dealer Mgmt. Sys. Antitrust Litig*, 2020 WL 832365, at *7 (N.D. Ill. Feb. 20, 2020); *G&G Closed Circuit Events, LLC v. Castillo*, 2017 WL 1079241, at *10 (N.D. Ill. Mar. 22, 2017); *Valentine v. Wideopen West Finance, LLC*, 2012 WL 1021809, at *6 (N.D. Ill. Mar. 26, 2012).

Further, the arbitration is likely to resolve many issues that are already before the Court and shed light on how the entire case should be resolved. *Volkswagen*, 474 F.3d at 972. For example, if the arbitrator ruled that the Individual Defendants did not violate their obligations to loanDepot, that would likely have a substantial impact on CrossCountry's liability in this case. Finally, any prejudice resulting from a stay would be minimal. The arbitration has already commenced and discovery is set to conclude by this August. A preliminary injunction is in place in this case [*see* Dkt. 217] and a stay does not impact the Court's ability to enforce the injunction. Once the arbitration is complete, the parties will be able to conduct streamlined discovery aimed at any information that has not already been produced and file any motions they believe are still necessary in light of the arbitrator's decision.

CrossCountry's motion to dismiss Count VI of loanDepot's amended complaint [Dkt. 137], and loanDepot's motion to dismiss CrossCountry's counterclaims in their entirety [Dkt. 205], are denied without prejudice to refiling once arbitration is complete. Any remaining discovery related motions or issues that remain pending have been referred to Judge Finnegan.

In light of the stay the Court has imposed, the parties are directed to file a status report on the status of the arbitration on or before October 3, 2023, unless the arbitration resolves before that date. In the event the arbitration concludes, the parties shall file a joint status report withing 7 days of that occurrence.

Enter: 22-cv-1874
Date: March 30, 2023

_____
Lindsay C. Jenkins
United States District Judge